TONI GRUNSCHLAG ET AL. *v.* ETHEL WALKER SCHOOL, INC., ET AL.

(10552)

SPEZIALE, C. J., HEALEY, PARSKEY, GRILLO and PICKETT, Js.

Argued December 1, 1982—decision released February 22, 1983

*Benjamin M. Sackter,* for the appellant (plaintiff Rosi Grunschlag).

*Louis B. Blumenfeld,* with whom was *H. Bissell Carey III,* for the appellees (defendants).

PER CURIAM. In this action which was returnable in 1974, the plaintiffs, Toni Grunschlag and Rosi Grunschlag seek money damages because of the consequences allegedly arising out of the defendants' notice not to renew the plaintiffs' annual contract at the defendant school where they had been members of the music faculty.

Because of the inadequacy of the record presented to us on this appeal, we have, in our present disposition set out below, taken judicial notice of the Superior Court file in this case. (See Docket No. 10552, *Grunschlag et al.* v. *Ethel Walker School, Inc., et al.,* Judicial District of Hartford-New Britain.) "There is no question . . . concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise." *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 527, 294 A.2d 633 (1972); *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476 (1964). After a number of pleadings had been filed, the case was claimed for the jury docket and the trial list in March, 1977. The transcript[1] filed discloses that when it was reached for trial on the civil jury trial list on March 4, 1980, the plaintiffs' counsel informed the court, *Hendel, J.,* that "both plaintiffs live out of State; and are involved in scheduled public concert performances." The court replied: "We'll set it down for pretrial, and we'll set a date certain." It again appeared on the assignment list for March 11, 1980, and at

---

[1] The defendants have filed a transcript which concerns the action of the court, *Hendel, J.,* on March 4, 1980 and April 8, 1980 in open court in this case.

that time the court said: "Over to 4/8 for a date certain." On April 8, 1980, the court said: "Grunschlag versus Ethel Walker. That's specially assigned for 6/10." The judgment file in the record reflects in part that: "Said action came thence to June 10, 1980 when the action was assigned for trial and when the Defendants appeared, but the Plaintiffs did not appear to prosecute their cause. The Court, on its own motion, entered a judgment of Dismissal as to both Plaintiffs." Thereafter, the plaintiffs filed a "Motion to Set Aside Dismissal." That motion, which sought to set aside the "suo motu" judgment of dismissal, contains various factual allegations, claimed as reasons for the setting aside of the judgment of dismissal. The court, *Hendel, J.,* held a hearing on the motion and denied it as to the plaintiff Rosi Grunschlag while granting it is to the plaintiff Toni Grunschlag "provided each defense counsel is paid $260.00 by 12-15-80 in cashier's check." Thereafter, the plaintiff Rosi Grunschlag took this appeal. In her brief on appeal she maintains that the "record" does not support the trial court's action in dismissing her case on the grounds that it was not prosecuted with reasonable diligence and that that court abused its discretion.

A number of the factual allegations which appeared in this motion also appear in the "Statement of the Facts" in the plaintiff's brief; and the defendants claim that "*not one* of the ten paragraphs of plaintiff's 'Statement of the Facts' was properly supported in the record presented to [this] court by the plaintiff." (Emphasis in original.) The defendants do, however, concede that a portion of one paragraph of this statement of facts is supported by the transcript of the "court's

weekly docket list call" which has been filed by them, i.e., that the case was specially assigned on April 8, 1980, for June 10, 1980.

The plaintiff's "statement of facts" asserts as facts, inter alia, the following: On June 3, 1980, the plaintiff's counsel conferred with the presiding judge in chambers[2] and requested that the trial be postponed because most of the plaintiff's witnesses would be unavailable on June 10 as they were employed in the academic field and had already dispersed for summer recess. He asserts that the judge granted his request and reassigned the case for trial on September 9, 1980, and so marked his assignment list. The plaintiff's counsel claims that on the morning of June 9, 1980, the defendants' counsel telephoned him, informing him that the presiding judge requested his immediate appearance in chambers. He complied, and the judge ordered him to be prepared to begin trial on the morning of June 10, 1980, or suffer a judgment of dismissal for failure to comply with this order. Despite the "protestations" of the plaintiff's counsel and his reference to the "reassignment date of September 9, 1980," the order to proceed on June 10, 1980, was not changed. Because, according to the plaintiff's counsel, he was unable to commence trial on June 10, 1980, the presiding judge, *Hendel, J.,* "sua sponte," rendered a judgment of dismissal on that date. None of these "facts"[3] is properly in the record before us except that the judgment of dismissal was rendered on June 10, 1980.

[2] In oral argument before us it appeared that the defendants' counsel was not present at that time although he argues that the court apparently undertook to have the defendants' counsel notified of the claimed change in the trial date.

[3] We have not set out all those "facts" in the statement of facts in the plaintiff's brief that are not properly of record.

From what we have said, it is clear that the record before us is quite inadequate to permit our determination of the issue presented. It is the burden of the plaintiff-appellant, utilizing the rules of practice, to present us with a proper record on the basis of which we can, in fairness to all the parties, determine the appeal. She has not carried this burden. In that regard, she has never moved either in the trial court or in this court for a further articulation of the basis of the trial court's decision. Practice Book §§ 3082, 3060D. We have said that "[t]his court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings or exhibits which are not part of the record." (Citations omitted.) *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 465, 378 A.2d 547 (1977). That statement applies here. Although there have been changes in our rules of practice and we no longer have findings of fact in that format which we did prior to those changes, the observation that "[a] reference made merely in the 'statement of facts' in the brief, without support in the finding, does not constitute a fact in the case" which we made in *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 123 n.6, 348 A.2d 651 (1974), is directly in point. "In the absence of specific findings by the trial court and a basis for its decision, we are not able to determine whether the court's discretion was abused in this case. Where 'necessary to the proper disposition of the cause,' this court may 'remand the case for a further articulation of the basis of the trial court's decision.' Practice Book § 3060D; *Powers* v. *Powers,* 183 Conn. 124, 125, 438 A.2d 845 (1981)." *Kaplan* v. *Kaplan,* 185 Conn. 42, 46, 440 A.2d 252 (1981). It is required for our

ultimate disposition to have the circumstances surrounding the denial of the plaintiff's motion to open the dismissal articulated by the trial court.

The case is remanded with direction to deliver the file to the judge, *Hendel, J.,* who entered the judgment of dismissal with direction for an articulation of his decision.[4]

---

[4] We note from the Superior Court file that upon the plaintiff's filing of her "Motion to Set Aside Dismissal," the defendants filed their "Objection to Motion to Set Aside Dismissal and Motion to Refer." In this objection, the defendants, inter alia, alleged that Judge Hendel "is intimately familiar with the facts" and they moved that "pursuant to the order of Judge Hendel at the time of entering the Judgment of Dismissal that plaintiff's motion be referred to Judge Hendel for decision." (Superior Court File No. 10552.)