TONI GRUNSCHLAG ET AL. *v.* ETHEL WALKER SCHOOL, INC., ET AL.
(10552)

SPEZIALE, C. J., HEALEY, PARSKEY, GRILLO and SPONZO, Js.

Argued June 9—decision released July 19, 1983

*Benjamin M. Sackter,* for the appellant (plaintiff Rosi Grunschlag).

*Louis B. Blumenfeld,* with whom, on the brief, was *H. Bissell Carey III,* for the appellees (defendants).

PER CURIAM. This is an appeal by the plaintiff, Rosi Grunschlag, in which she claims that the trial court, *Hendel, J.,* erred in its denial of her motion to set aside its judgment of dismissal as to her.[1] We first heard argument on this appeal on December 1, 1982, after which this court remanded the case with direction to deliver the file to Judge Hendel, who entered the dismissal, for an articulation of his decision in denying the plaintiff's motion. *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 321, 455 A.2d 1332 (1983). This was primarily because of the failure of the plaintiff-appellant, Rosi Grunschlag, to carry her burden, "utilizing the rules of practice, to present us with a proper record on the basis of which we [could], in fairness to all the parties, determine the appeal." *Grunschlag* v. *Ethel Walker School, Inc.,* supra, 320; see Practice Book § 3082; *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). The trial court's articulation of its decision was filed in this court on May 2, 1983, and we have again heard argument by the parties.

---

[1] The trial court, *Hendel, J.,* had, at the same time, granted the motion of the other plaintiff, Toni Grunschlag, to set aside its judgment of dismissal as to her. *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 318, 455 A.2d 1332 (1983).

We do not set out here those background circumstances which generated this appeal and to which we referred in our previous opinion. The articulation has, however, fulfilled its function of disclosing the basis of the trial court's decision. See Practice Book § 3060D; *Kaplan* v. *Kaplan,* supra; *Powers* v. *Powers,* 183 Conn. 124, 125, 438 A.2d 845 (1981).

The following facts salient to our disposition of this appeal appear from the articulation: On March 4, 1980, this case was one of a group of cases filed in the Superior Court before January 1, 1975, which was targeted for disposition. Upon being informed by the plaintiffs' counsel that both plaintiffs, who were sisters, lived out of state and were involved in scheduled public concert appearances, the court stated that it would set the case down for pretrial and set a date certain for trial. When the case again appeared on the assignment list for March 11, 1980, it was continued to April 8, 1980, for the setting of a day certain for trial. On that date, the plaintiffs' counsel asked that the trial date be set for June 10, 1980, and the court ordered it specially assigned for that date.

On June 3, 1980, the plaintiffs' counsel advised the court in chambers that most of the plaintiffs' witnesses were unavailable since they were employed in the academic field and had already dispersed for the summer recess. He requested a postponement of the trial until the fall and "indicated that defense counsel had no objection to the postponement." The court granted his request and reassigned the case for September 9, 1980. Thereafter, defense counsel telephoned the court and advised the court that they had not consented to a postponement. During a chambers conference on June 9, 1980, to which the court had summoned counsel for the plaintiffs and the defense, the court confirmed that defense counsel had not consented to a continuance

of the trial and that they were ready to proceed on June 10 as earlier ordered. Although the plaintiffs' counsel stated that the plaintiffs were vacationing on Cape Cod, the court ordered him to appear in court on June 10 prepared either to proceed to trial or to advise the court of a good reason why the case should not go forward. On June 10, 1980, defense counsel did appear in court. Neither the plaintiffs' counsel nor the plaintiffs, however, appeared in court, nor did the plaintiffs' counsel telephone the court or the clerk to explain his failure to appear. The court, thereupon, rendered a judgment of dismissal as to both plaintiffs.

Thereafter, the plaintiffs' counsel filed a motion to set aside the judgment of dismissal as to both plaintiffs. In that motion, he stated that on June 10, 1980, he was "unable to commence trial as directed by the presiding judge since the Plaintiffs were on vacation out-of-state and their witnesses, if available at the time, could not be alerted on such short notice." During oral argument on the motion, on December 1, 1980, the plaintiffs' counsel stated that on June 9, 1980, both plaintiffs were out of state and that one of them, Toni Grunschlag, was recuperating from a sciatic attack. A physician's certificate was offered in evidence certifying that that plaintiff was seen on May 28, 1980, and was advised to maintain complete bedrest for a period of at least two weeks. The plaintiffs' counsel told the court that Toni Grunschlag was confined to bed for the first week at home and then went on vacation to Cape Cod for the second week but that he was unable to reach her on the telephone at Cape Cod because she was there alone and not answering the telephone. In answer to queries by the court, he told the court that he had information that she was "definitely" at the Cape on June 9 and that, on December 1, 1980, the date of the hear-

ing on the motion to open, she was at her house in New York recovering from another sciatic attack.

During a recess at this hearing, a chambers conference took place with all counsel present at which the plaintiffs' counsel called Toni Grunschlag at her apartment in New York City. In a conversation with the court at that time, she advised the court that she had been confined to bed in her New York apartment in the latter part of May and the early part of June, 1980, and that she had not gone to Cape Cod because of her incapacity.

In its articulation, the trial court clearly indicates its concern, based upon its telephone conversation with Toni Grunschlag, about representations made by the plaintiffs' counsel in the chambers conferences on June 3, 1980, and June 9, 1980, in his motion to set aside the judgment of dismissal filed October 1, 1980, and on the record at the hearing of that motion on December 1, 1980, as to the reasons for the inability of the plaintiffs to proceed to trial.[2] Concluding that the plaintiff Toni Grunschlag's confinement to her apartment from May 28 to June 10, 1980, under orders of her physician, prevented her from being present in court for trial on June 10, 1980, the trial court, however, did conditionally[3] grant the motion to set aside the dismissal as to her. It found, however, no evidence of any reasonable cause to do so as to the plaintiff Rosi Grunschlag. In so concluding, the trial

[2] In oral argument before us after the trial court filed its articulation, the plaintiffs' counsel stated that his recollection of what occurred in chambers in the trial court differed from that of the trial court as set out in the articulation. Significantly, however, the plaintiffs' counsel did not, after the filing of the trial court's articulation, seek permission to file a new brief or seek to refine the articulation any further. See Practice Book §§ 3060D, 3062, 3082, 3108.

[3] See *Grunschlag* v. *Ethel Walker School, Inc.*, 189 Conn. 316, 318, 455 A.2d 1332 (1983).

court points out that the position of the plaintiffs' counsel at the hearing on the motion to set aside was that the plaintiff Rosi Grunschlag would be taking care of her incapacitated sister because they lived together and, thus, the motion should be granted as to her. The court found this claim to be inconsistent with his prior indication that Toni Grunschlag was alone on Cape Cod from June 3 to June 10, 1980, and it noted that in her telephone conversation with the court on December 1, 1980, "Toni Grunschlag did not say that her sister was taking care of her in her incapacity."

In arguing that the trial court erred, the plaintiff Rosi Grunschlag claims that the record does not disclose justification for dismissing the case, that it does not comply with Practice Book § 251[4] in doing so and that the record does not support the denial of her motion to open the judgment of dismissal. We do not agree with any of these claims.

"[T]he action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 143, 434 A.2d 341 (1980), quoting *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1977); see *Snelling & Snelling* v. *Dan-Ridge Chevrolet, Inc.,* 179 Conn. 671,

---

[4] While the court did not explicitly state that it was acting under Practice Book § 251, we note that that rule provides: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. *At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. . . .*" (Emphasis added.) It is apparent from the record, including the articulation of decision, that this case was one to which the two week notice provision of § 251 did not apply.

672, 427 A.2d 846 (1980). In its articulation the trial court noted that the motion to open the judgment of dismissal was filed shortly before the expiration of the four month provision of Practice Book § 377.[5] Relief under this rule or under General Statutes § 52-212, its statutory counterpart, should be granted if, but only if, the court, in its sound discretion, finds that the moving party has shown "reasonable cause." *Jaquith* v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559 (1970). If this burden is not discharged, the orderly administration of justice requires that relief be denied. Id., 432.

The trial court concluded that there was no evidence of any reasonable cause to set aside the dismissal as against the plaintiff Rosi Grunschlag. This decision is fully supported by the record and is not clearly erroneous. Practice Book § 3060D.

There is no error.

---

[5] Practice Book § 377, which parallels General Statutes § 52-212, provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing *reasonable cause,* or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ." (Emphasis added.)