POINTINA BEACH ASSOCIATION, INC. *v.*
VINCENT STELLA ET AL.
(2267)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued November 10, 1983—decision released March 6, 1984

*James M. Ullman,* for the appellant (plaintiff).
*Alan R. Spirer,* for the appellees (defendants).

PER CURIAM. The issue in this case is whether the trial court erred in finding that the plaintiff failed to prove a prescriptive easement to use beach property under General Statutes § 47-37.[1] The plaintiff beach association brought suit against two of its members whose beach property adjoins that over which the plaintiff claims a right to perpetual use by virtue of a 1959 deed. The complaint alleges that in 1977 the defendants erected a fence on the beach which encroaches on the plaintiff's easement. The defendants acquired their property in 1974 from Vincent Stella's grandfather, who had acquired the property in 1959. The plaintiff acquired its easement in 1959 from the same grantor

---

[1] General Statutes § 47-37 provides as follows: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." Although the trial court and the parties, in their briefs, refer to this issue as whether the plaintiff had acquired *title* to the disputed portion of the beach by adverse possession, it is clear from the complaint and the entire record that what the plaintiff really claims is an easement by prescription.

as that of Stella's grandfather. The trial court found that the defendants' fence is on their property and thus does not encroach on property owned by the plaintiff, and that finding is not challenged on appeal.

A second basis on which the case was tried and decided in the trial court, and the only issue argued on appeal, is whether the plaintiff had acquired a prescriptive easement under General Statutes § 47-37. On this issue the trial court found, inter alia, as follows: "With respect to the matter of title by adverse possession the court is convinced that the plaintiff has not acquired title in this way. Its use of the defendants' beach was not open, notorious, hostile and adverse and uninterrupted for fifteen years. Any use in the past was certainly with the consent of [Vincent Stella's grandfather]." The court also found that "any use of the beach was only during the summer months and would not represent the continuous and uninterrupted use required by" General Statutes § 47-37.

The plaintiff appealed,[2] claiming that the court erred (1) in finding consent without a sufficient factual basis, and (2) in ruling that summer use was insufficient as a matter of law to constitute the continuity required by General Statutes § 47-37. In view of our disposition on the first claim it is not necessary to reach the second.[3]

The plaintiff's first claim is based on the existence of a prior fence apparently erected by Stella's grandfather. It appears to be undisputed from the transcript and the defendant's brief that such a fence existed, that it was on the beach for some period of time until the defendants bought the property in 1974 and that the

---

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] "Regular and adverse use of property during the summer season is a sufficient basis for a claim of adverse possession." *Roche* v. *Fairfield*, 186 Conn. 490, 501 n.11, 442 A.2d 911 (1982).

defendants subsequently erected the present fence in a somewhat different location. The plaintiff claims that its adverse use began with the erection of that prior fence. Just where and when that prior fence was erected was not undisputed, however. The trial court made no findings as to the existence of the prior fence, the date of its erection or its location relative to the present fence; nor did the plaintiff seek under Practice Book § 3082 to have the court articulate its decision further to establish those facts or the basis of the finding of consent after its erection.

Ordinarily we do not " 'resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings or exhibits which are not part of the record.' " *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983). References in the "statement of facts" in a brief or references to testimony in the transcript, even if uncontradicted, do not constitute facts in the case. Where the factual basis of the court's decision is unclear, "proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. 'It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' " *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). "Since the [plaintiff] has failed to supply a record presenting the trial court's rationale, as is his burden, we are disinclined to view as clearly erroneous the trial court's determination [of consent by Stella's grandfather]. . . . Nor under these circumstances will we remand the decision for articulation." *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983).

Since the trial court's determination that the plaintiff's use of the defendants' land was consensual must stand, the plaintiff has not established a necessary element of its claim of adverse use. Thus we need not consider the plaintiff's second claim of error.

There is no error.