## ELIZABETH C. HOLMES *v.* MICHAEL H. HOLMES
### (2446)
### (2559)

DANNEHY, C.P.J., BORDEN and SPALLONE, Js.

Argued May 9—decision released August 7, 1984

*Paul Smith,* with whom, on the brief, was *Gwen B. Dreilinger,* for the appellant (defendant).

*John P. Febbroriello,* for the appellee (plaintiff).

SPALLONE, J. These companion matters, which were combined for hearing, are appeals[1] in the same case

---

[1] These appeals, originally filed in the Supreme Court, were transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

and involve the rulings and orders of the trial court in a dissolution action and in connection with post-trial motions.

The trial court, following a contested hearing, dissolved the marriage of the parties; awarded custody of the minor child to the plaintiff wife, reserving reasonable rights of visitation to the defendant conditioned upon his sobriety; awarded the plaintiff all the personal property and appliances in the family home with discretion in the plaintiff to turn over any items she may wish to the defendant; ordered the defendant to turn over a car to the plaintiff; ordered the defendant to pay $75 weekly child support and $35 per week alimony until the child reached majority; and ordered the defendant to pay the plaintiff's counsel fees in the amount of $1000 at the rate of $150 per month.

After the defendant filed an appeal, the plaintiff moved for the payment by the defendant of transcript fees and for reasonable attorney's fees to defend the appeal. After a hearing, the trial court granted the motions and ordered the defendant to pay to the plaintiff $582.17 for the transcript and $1000 towards her counsel fees. The defendant then appealed from the court's decision involving those post-trial motions.

In the first appeal, the dissolution action, the defendant claims that the trial court erred in basing its monetary awards and orders on insufficient evidence and that in doing so the court abused its discretion; and in allowing the plaintiff to turn over personal property to the defendant at her sole discretion.

During the trial there was testimony as to the earnings and the earning capacity of the defendant including evidence of deposits into the joint checking account of the parties totaling $46,612 in 1981. The plaintiff also testified that the defendant told her he made $63,000 in 1981 and that he was capable of earning

$1500 per week. The trial judge is in the best position to determine the credibility to be given the testimony. *Swift & Co.* v. *Rexton, Inc.,* 187 Conn. 540, 543, 447 A.2d 9 (1982); *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981). The trial court chose to believe the plaintiff's evidence. The trier of the facts is free to accept or reject, in whole or in part, the evidence of either party. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981). The facts cannot be retried on appeal. *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983). Our review is limited to a determination of whether the decision made is logically correct and supported by the evidence. *Frumento* v. *Mezzanotte,* 192 Conn. 606, 617–18, 473 A.2d 1193 (1984); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Hallmark of Farmington* v. *Roy,* 1 Conn. App. 278, 280, 471 A.2d 651 (1984). We conclude that it is.

The defendant further contends that the court erred in allowing the plaintiff to determine which articles of personal property she should turn over to the defendant. The defendant relies on *Valante* v. *Valante,* 180 Conn. 528, 532, 429 A.2d 964 (1980), where the Supreme Court rejected the trial court's action in allowing a family relations officer to decide the division of personalty in the event the parties could not reach an agreement. "There is no authority given to a domestic relations officer to resolve differences by rendering a decision concerning property distribution. The rendering of such a judgment is a judicial function and can be accomplished only by one clothed with judicial authority." *Valante* v. *Valante,* supra, 532–33. Such is not the case in this appeal. The plaintiff was awarded all the personalty located in the family home. This was an outright award to the plaintiff. She could then, at her discretion, return any items she wished to the

defendant. She is under no obligation to return any items if she chooses not to do so. We conclude that the trial court did not abuse its discretion.

In the second appeal, the defendant claims that the court erred by awarding, without an evidentiary hearing, attorney's fees and transcript fees in connection with this appeal. Nothing in the record indicates the nature of the hearing and what evidence, if any, was presented to the trial court. The defendant has not filed the transcript of the hearing on the motions; nor did the defendant seek under Practice Book § 3082 to have the trial court articulate its decision with regard to its award of additional counsel fees and costs of transcript. Ordinarily we do not " 'resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings or exhibits which are not part of the record.' " *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983). References in the "statement of facts" in a brief or references to testimony, even if uncontradicted, do not constitute facts in the case. *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984). Where the factual basis of the court's decision is unclear, proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances a case will not be remanded to correct a deficiency the appellant should have remedied. *Barnes* v. *Barnes* 190 Conn. 491, 494, 460 A.2d 1302 (1983). Since the defendant here has failed to supply a record presenting the trial court's rationale, as is his burden, we decline to view as clearly erroneous the trial court's determination to award an allowance to appeal and transcript fees. Neither, under the circumstances,

will we remand the decision for articulation. *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983).

The trial court's determination that the plaintiff was entitled to the cost of the transcript and legal fees to defend the appeal must stand because the defendant, by not supplying the transcript of the hearing on the motions, has failed to complete the record. This court cannot and will not consider claims of error where the record before it is incomplete.

There is no error.

In this opinion the other judges concurred.