HENRY JAZLOWIECKI *v.* LOUIS J. CYR
(2213)

BORDEN, SPALLONE and WAGNER, Js.

Argued March 1—decision released May 21, 1985

*Harvey Fruchter,* for the appellant (plaintiff).

*Christina M. Storm,* for the appellee (defendant).

WAGNER, J. In this action based on breach of contract and negligence, the plaintiff seeks to recover for damage allegedly caused by a defective roof installed by the defendant. After a trial to the court, judgment was rendered for the defendant on July 13, 1983.

On August 1, 1983, the plaintiff took this appeal from that judgment, claiming that the trial court erred (1) in its finding of facts and application of the law, (2) in failing to disqualify itself because of a probable bias against a key witness for the plaintiff, and (3) in failing to disclose such probable bias at the time of trial.

As to the plaintiff's first claim of error, the record furnishes no basis for us to conclude that the trial court

erred in either its finding of facts or conclusions of law. It is well settled that the credibility of witnesses and the weight to be accorded their testimony is entirely within the discretion of the trier of fact. *Piantedosi* v. *Floridia,* 186 Conn. 275, 277, 440 A.2d 977 (1982); *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 146, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). On appeal, it is this court's function to determine whether the decision of the trial court was clearly erroneous. *Piantedosi* v. *Floridia,* supra, 276–77; see Practice Book § 3060D. This case involves factual questions relating to the condition and structure of the roof prior to the work done by the defendant, and to subsequent work on the roof by contractors other than the defendant. On the basis of the record before us, we find that the plaintiff has failed to establish that the trial court's conclusion that "[t]he plaintiff did not present sufficient credible evidence to meet its burden of proof either on liability or on damages" was clearly erroneous.

The plaintiff's claims of error relating to the possible bias of the trial judge involve Edward Jazlowiecki, an attorney and the son of the plaintiff, who appeared as an expert roof construction witness on the plaintiff's behalf. The plaintiff claims that on April 15, 1981, the trial judge filed a report with the local grievance committee requesting an investigation of Edward Jazlowiecki's conduct in a prior unrelated case. The plaintiff argues that the trial court's filing of the report and its failure to inform the plaintiff, his attorney or Edward Jazlowiecki of that fact prior to or at the time of trial, indicated such bias as to constitute reversible error. The plaintiff points to the trial court's characterization of Edward Jazlowiecki in its memorandum of decision as "an expert witness whose expertise rested on having acquired an engineering degree from a college some years back and having built two houses which assuredly had roofs" as evidence of this bias.

It is true, as the plaintiff claims, that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. Code of Judicial Conduct, Canon 3 C (1). A charge of judicial bias or prejudice strikes at the very core of judicial integrity and requires that the record be examined with infinite care. *Szypula* v. *Szypula,* 2 Conn. App. 650, 653, 482 A.2d 85 (1984); see *Cameron* v. *Cameron,* 187 Conn. 163, 168, 444 A.2d 915 (1982); *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 501, 101 A.2d 500 (1953). The record before us, however, is totally lacking in facts upon which the trial judge's impartiality can be questioned. No claim is made, nor does the record indicate, that the trial was conducted in anything but a completely fair and impartial manner.

In *Szypula* v. *Szypula,* supra, we discussed at length the procedures available to obtain an evidentiary hearing when a claim of judicial bias is raised. In considering Canon 3 C of the Code of Judicial Conduct, we noted that "[a]ll that is clear [from that Canon] is that the litigant must '[raise] the question of disqualification in a timely and appropriate manner.' " Id., 654. There is nothing in the record which indicates that the plaintiff ever requested an evidentiary hearing on the question of bias.

The record discloses that the plaintiff was cognizant of his claim of judicial bias on August 1, 1983, when he filed this appeal. It appears that he took no steps to raise this claim in the trial court until late November, 1983, more than four months after judgment was rendered, when he moved to set aside and open the judgment. Practice Book § 326 states that a civil judgment may be opened or set aside where a motion to do so is filed within four months from the date judgment was rendered "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction . . . ." This is not a case over

which the court had continuing jurisdiction, and there is nothing before us which indicates that the parties in any way waived the time requirement of that rule. See *Perkins* v. *Perkins,* 3 Conn. App. 322, 328, 487 A.2d 1117 (1985). Although the plaintiff states that his motion was denied, the record contains nothing of the proceedings with regard to that disposition and does not show that the plaintiff ever requested an order to complete the record under Practice Book § 3096 or an articulation of the basis of the trial court's decision under Practice Book § 3082. See *Montanaro* v. *Snow,* 4 Conn. App. 46, 50–51, 492 A.2d 223 (1985).

An appellant assumes the responsibility of presenting an adequate record for consideration by the appellate tribunal. *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983); *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984). "This court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record." *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 465, 378 A.2d 547 (1977); *B/M Redev. Corporation* v. *Serrano,* 3 Conn. App. 409, 488 A.2d 848 (1985).

There is no error.

In this opinion the other judges concurred.