STATE OF CONNECTICUT *v.* NORMAN E. WHITNEY (4696)

BORDEN, DALY and BIELUCH, Js.

Argued June 12—decision released August 19, 1986

*Norman E. Whitney,* pro se, the appellant (defendant).

*James G. Clark,* deputy assistant state's attorney, with whom, on the brief, was *Barbara Farrell,* certified legal intern, for the appellee (state).

PER CURIAM. The defendant[1] has appealed from the judgment following his conviction for failure to appear in the second degree in violation of General Statutes § 53a-173, which judgment was rendered pursuant to a conditional plea of nolo contendere entered subsequent to the denial of his motion to dismiss.

---

[1] The defendant, while appearing pro se, is a member of the Connecticut bar.

The defendant was charged in an infraction complaint in December, 1982, with toll evasion in violation of General Statutes § 13a-162.[2] After failing to answer the infraction charge and to appear at his arraignment, he subsequently was charged by information with additional counts of failure to appear in the second degree in violation of General Statutes § 53a-173 and failure to answer an infraction in violation of General Statutes § 51-164r.[3] Following his conviction by the jury on these charges, he appealed to this court. We set aside the judgment and remanded the case for a new trial due to the state's lack of diligence in filing its brief. The Supreme Court denied certification. *State* v. *Whitney*, 196 Conn. 804, 492 A.2d 1240 (1985). After the remand, the defendant was charged with a single count of failure to appear in the second degree, to which he filed a motion to dismiss claiming a violation of his constitutional rights. After the motion to dismiss was denied, the defendant entered a conditional plea of nolo contendere and, after his judgment of conviction, filed this appeal pursuant to General Statutes § 54-94a.[4]

The defendant initially claims that General Statutes § 53a-173[5] was applied by the court in contravention of the constitution of Connecticut, article first, § 19, as amended by article IV of the amendments to the con-

[2] The record incorrectly refers to General Statutes § 13-162.

[3] General Statutes § 51-164r provides: "Any person charged with an infraction who fails to pay the fine and any additional fee imposed or send in his plea of not guilty by the answer date or to appear for any trial which may be required shall be guilty of a class C misdemeanor."

[4] General Statutes § 54-94a provides in pertinent part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of defendant's . . . motion to dismiss, the defendant . . . may file an appeal . . . ."

[5] General Statutes § 53a-173 provides in pertinent part: "(a) Any person who, while charged with the commission of a misdemeanor and while out on bail or released under other procedure of law, wilfully fails to appear when legally called according to the terms of his bail bond or promise to appear, is guilty of failure to appear in the second degree."

stitution of Connecticut, and in contravention of the fifth and sixth amendments to the United States constitution, because the statute improperly compelled the defendant to appear at a pretrial disposition conference after the defendant entered a plea of "not guilty" and elected to be tried by a jury. It appears that the defendant also challenges the constitutionality of Practice Book §§ 687, 700 et seq.[6] The record supplied to us on the appeal, however, is devoid of any challenge to those rules of practice which relate to pretrial disposition conferences and contains no court order requiring the defendant to appear at any pretrial conference pursuant to Practice Book § 700.

The defendant has totally failed to comply with Practice Book § 3060F (c), which provides in relevant part that an appellant's brief shall contain the following: "A statement of the nature of the proceedings and of the facts of the case. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies. . . . "

---

[6] Practice Book § 687 provides in pertinent part: "The prosecuting authority and counsel for the defendant . . . may engage in discussions at any time with a view towards disposition . . . . The prosecuting authority shall be in his office at reasonable times for the purpose of giving to counsel for the defendant . . . a reasonable opportunity for consultation with him."

Practice Book § 700 provides in relevant part: "After conferring with the clerk, the presiding judge shall assign for disposition conferences so much of the jury trial list as he shall deem necessary for the proper conduct of the court and he shall direct the clerk to print and distribute a list of the cases so assigned to the appearing parties. . . . "

Practice Book § 701 provides in pertinent part: "Unless an agreement has been reached in a previous plea discussion, a case will be assigned for a disposition conference . . . . "

Practice Book § 702 provides in part: "The prosecuting authority, the defense counsel, and, in cases claimed for jury trial, the defendant shall appear at the time set for the disposition conference unless excused by the court. . . . "

Furthermore, it is incumbent upon an appellant to ensure that we are provided with an adequate record to review the claims of error. Practice Book § 3060D. The defendant has totally failed to secure such an appellate record, and we are not ordinarily inclined to remand a case to correct a deficiency which the appellant should have remedied. *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984).

We, therefore, have no basis on which to find error on his claim that he was deprived of his constitutional rights.

There is no error.