THIEL REALTY CORPORATION *v.* CULLIGAN
WATER CONDITIONING COMPANY, INC.
(4268)

BORDEN, DALY and BIELUCH, Js.

Argued October 14—decision released November 25, 1986

*Joseph Dimyan,* with whom, on the brief, was *Catherine A. Rivard,* for the appellant (plaintiff).

*John J. Resnik,* for the appellee (defendant).

PER CURIAM. The plaintiff brought a summary process action for possession of premises claiming that the defendant erected a structure on property leased from the plaintiff in violation of the lease and local ordinances. The plaintiff appeals from the judgment in the defendant's favor.

In a two sentence memorandum of decision, the trial court held as follows: "After a trial on the merits, the Court finds that the Plaintiff is unreasonably withholding its consent to the alterations made in the fall of 1980 and, therefore, the Court does not find a breach of the terms of the lease. Judgment may enter for the Defendant." The plaintiff claims that the court erred in (1) finding that it unreasonably withheld consent to the erection of the structure, and (2) failing to find that defendant's construction on the leased premises was a breach of the lease.

The court, in its memorandum of decision, provided no factual basis for its finding on the issues of consent and breach of the lease; nor did the plaintiff seek under Practice Book § 3082[1] to have the court articulate its decision further to establish the factual basis of its decision. See *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984). It is the appellant's

---

[1] Since the plaintiff's brief was filed prior to the rules change effective October 1, 1986, the prior rules apply. We note, however, that Practice Book § 4051, effective October 1, 1986, is virtually identical to Practice Book § 3082.

responsibility, pursuant to Practice Book § 3060D,[2] to provide an adequate appellate record. *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984); *Pointina Beach Assn., Inc.* v. *Stella,* supra. "Ordinarily we do not ' "resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings or exhibits which are not part of the record." ' *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983). References in the 'statement of facts' in the brief or references to testimony in the transcript, even if uncontradicted, do not constitute facts in the case. Where the factual basis of the court's decision is unclear, 'proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. "It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied." ' *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983)." *Pointina Beach Assn., Inc.* v. *Stella,* supra, 343.

Without benefit of factual detail, the record furnishes no basis for us to conclude that the trial court erred in its findings of fact or conclusions of law. See *Jazlowiecki* v. *Cyr,* 4 Conn. App. 76, 76–77, 492 A.2d 516 (1985). Nor under these circumstances will we remand the decision for articulation. *Pointina Beach Assn., Inc.* v. *Stella,* supra, 343.

There is no error.

---

[2] See footnote 1, supra. The language of Practice Book § 4061, effective October 1, 1986, regarding the plaintiff's responsibility to provide an adequate record for review is identical to prior Practice Book § 3060D.