[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
On December 4, 1990, the Court denied the plaintiff's Motion To Set Aside Dismissal. On January 10, 1991, the plaintiff moved for an articulation. That motion is granted. The following is an articulation of the Court's decision.
This is a malpractice action brought against a visiting nurse and her employer alleging that on November 18, 1985, the plaintiff's decedent was injected with an excessively large dosage of morphine causing her to lapse into a coma from 9:00 P.M. to 9:00 A.M. the following day. Various mental sufferings are also claimed. The return date of the complaint was November 17, 1987.
The plaintiff has displayed a marked lack of diligence in pursuing this action extending over a period of years. The defendant has filed numerous motions for nonsuit. On December 7, 1989, the court granted its "third and final exemption" from the dormant case program. Another motion for nonsuit was filed by the defendant on December 20, 1989, and has yet to be acted upon. On June 22, 1990, the case was dismissed for lack of diligence pursuant to Practice Book Sec. 251.
On October 11, 1990, the plaintiff filed his Motion To Set Aside Dismissal. On December 3, 1990 — the day that the motion was heard — the plaintiff amended his motion. The amended motion claims that counsel for the plaintiff could not close the pleadings in time because of illness and a late return of an objection to a request to revise, that he "was on trial from 9/89-7/90, except while ill," and that he "was ill from 5/1/90-5/17/90." (The typography is quoted verbatim.) An accompanying affidavit of counsel — unaccompanied by any medical documentation — repeats these assertions. The defendant objected to the motion.
On December 3, 1990, the court examined counsel at some length concerning his allegations. It is sufficient to state that CT Page 1448 the court found each and every one of his allegations to be completely unpersuasive as a reason to grant the motion in question. No reasonable cause was shown for the gross and extended lack of diligence for a period of years demonstrated by the record in this case. After a thorough review, both of the record and of the plaintiff's assertions, the court can only conclude that the prolonged failure to pursue this case was the result of neglect and not of mistake, accident, or other reasonable cause. See Jaconski v. AMF, Inc., 208 Conn. 230,235-39, 543 A.2d 728 (1988).
The court notes that the plaintiff's lack of diligence even now shows no sign of reformation. He waited almost four months to file his motion to set aside the dismissal, see Grunschlag v. Ethel Walker School, Inc., 190 Conn. 679, 685, 462 A.2d 1 (1983), and then waited a month and half after that to file his supporting (if it can be called that) affidavit. After the motion was denied, he waited for over a month until he was moved to file his motion for articulation.
This court will entertain no further motions by the plaintiff concerning the dismissal of this action.
Dated at Waterbury this 15th day of February, 1991.
JON C. BLUE, JUDGE OF THE SUPERIOR COURT