[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO DISMISS, #103
The plaintiff, Commissioner of the Connecticut Department of Transportation acquired the land of the defendant, Frank Capone, by eminent domain when the department filed with the court a notice of condemnation and assessment of damages pursuant to General Statutes § 13a-73 on October 30, 1996. The department found Capone's premises necessary for the layout, alteration, extension, widening, change of grade, drainage and improvement of Route 80 in East Haven, Connecticut. Capone owns property along Route 80 in East Haven, Connecticut, which is affected by the department's activities on the highway. On September 30, 1999, Capone filed an appeal from the assessment of damages and benefits by the department.[1] On October 28, 1999, the department filed the present motion to dismiss Capone's appeal on the ground that the court lacks subject matter jurisdiction because Capone failed to appeal the assessment within the time specified by General Statutes § 13a-76.[2]
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Olson v.Accessory Controls Equipment Corp., 54 Conn. App. 506, 528, 735 A.2d 881, aff'd, 254 Conn. 145, ___ A.2d. ___ (2000). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 787,712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451
(1998).
The department contends that as a department of the state, it is immune from suit unless it has consented to be sued by statute. See Tamm v.Burns, 222 Conn. 280, 283, 610 A.2d 590 (1992) ("[w]e have long recognized the common-law principle that the state cannot be sued without its consent. . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state"). "As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E.,Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "The state's sovereign right not to be sued may be waived by the legislature, provided clear CT Page 11842 intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.)Dept. of Public Works v. ECAP Construction Co., 250 Conn. 553, 558-59,737 A.2d 398 (1999).
The department argues that General Statutes § 13a-76 constitutes a partial waiver of its sovereign immunity, allowing "[a]ny person claiming to be aggrieved by the assessment of such special damages or such special benefits by the commissioner, within six months after the same has been so filed, [to] apply to the superior court for the judicial district within which such land is situated. . . ." General Statutes § 13a-76. "[W]hen the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity . . . (Citations omitted; internal quotation marks omitted.) Dept. of Public Works v. ECAP ConstructionCo., supra, 250 Conn. 558. The department argues that, because Capone failed to file his appeal within the six month period prescribed by General Statutes § 13a-76, the court is barred from hearing the appeal. Capone counters that he did not receive the required notice of condemnation and assessment of damages until the department faxed a copy of the notice to his attorney on April 29, 1999 and that he filed this appeal on September 30, 1999, within six months of the date he received the department's notice of condemnation and assessment of damages.
The question of whether the court has jurisdiction over Capone's appeal thus depends on the meaning of the notice provisions within General Statutes § 13a-76. "Section 13a-73 (b) of the General Statutes provides that, upon the taking of a persons land for state highway purposes, the commissioner of transportation shall assess damages and benefits resulting from such taking and shall file the assessment with the clerk of the Superior Court in the county in which the land affected is located. Following such filing, the clerk is required to give notice of such assessment to each person having an interest of record in the affected property. If the property owner affected chooses not to accept the initial assessment of the commissioner; see [General Statutes] §13a-74; that person may appeal to the Superior Court pursuant to §13a-76 which authorizes a reassessment of such damages or such benefits as may have been assessed by the commissioner." (Internal quotation marks omitted.) Hanson v. Commissioner of Transportation, 176 Conn. 391,396-97, 408 A.2d 8 (1979). The owner of land taken for public use by condemnation is entitled to be paid just compensation. Conn. Const., CT Page 11843 art. I, § 11. See also Robinson v. Westport, 222 Conn. 402, 405,610 A.2d 611 (1992).
The fundamental reason for the requirement of notice "is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." (Internal quotation marks omitted.) Mobley v. MetroMobile CTS of Fairfield County, Inc., 216 Conn. 1, 9, 578 A.2d 1044
(1990). "It is [General Statutes § 13a-73 (b)] which empowers the state commissioner of transportation to take land which he finds necessary for the improvement of any state highway. The statute also sets forth the procedures with which the commissioner must comply to take the land and declares the legal effect of those procedures. Paramount among the considerations articulated by the statute and fundamental to both state and federal due process requirements are those portions which ensure that each person who has an interest of record in the land shall receive notice of the taking. . . ." Laurel, Inc. v. Commissioner of Transportation, 180 Conn. 11, 29, 428 A.2d 789 (1980); see also Laurel,Inc. v. Caldwell, 187 Conn. 171, 176, 444 A.2d 1386 (1982) ("[t]he fundamental purpose of statutory provisions like § 13a-76 is to provide notice").
Capone has submitted a sworn affidavit in which he states that he "had no notice, actual or constructive, of the filing of the assessment by the State of Connecticut, Department of Transportation." (Capone's Memorandum in Opposition, Exh. B, ¶ 6). Capone further states that the first time he became aware of the condemnation was on April 29, 1999, "via a fax" sent to his attorney. (Capone's Memorandum in Opposition, Exh. B, ¶ 8.)
The department, however, maintains that Capone attended public meetings regarding the department's plans for expansion of Route 80 and that he therefore had actual notice of the department's condemnation of his property. The department cites State v. Verdirome, 36 Conn. Sup. 586,587, 421 A.2d 563 (1980), in which the court interpreted the notice provisions of General Statutes § 14-111 (a), and held that the statute did not require "personal service of a notice of suspension but provide[d] that a notice forwarded by registered or certified mail to the address for the person registered as owner or operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice to such person that the certificate of registration or operator's license is revoked or under suspension." (Internal quotation marks omitted.) Id., 588. The court held that "[t]he constitutional requirement is not, however, that notice be actually delivered to the person involved, but that the statutory procedure for giving notice create a reasonable probability that he will receive actual notice. . . . We think the provision for notice by registered or certified mail adequately CT Page 11844 fulfills this requirement." (Citation omitted; internal quotation marks omitted.) Id. The commissioner certified that the required notice was mailed. Id., 588-89.
General Statutes § 13a-73 (b) also provides that notice be given by registered or certified mail.[3] "There is no question . . . concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise." (Internal quotation marks omitted.) Grunschlag v. Ethel Walker School, Inc., 189 Conn. 316, 317,455 A.2d 1332 (1983), on appeal after remand, 190 Conn. 679, 462 A.2d 1
(1983). The file of this case includes a Connecticut form entitled "Notice of Assessment of Damages" that is signed by a court clerk and dated October 31, 1996, addressed to Frank Capone at a Robin Drive address in East Haven, Connecticut. There is, however, no notation on this form regarding the date the notice was mailed by the clerk, nor is there any indication that the form was sent via registered or certified mail.
The file also contains a letter from a supervising property agent of the department dated May 22, 1996, which is marked "certified mail." This letter is also addressed to Capone at a Robin Drive address in East Haven. The letter informs Capone that he will receive, by mail, a notice of condemnation and assessment of damages from the clerk of the Superior Court within four to eight weeks from the date of the letter. The letter further informs Capone that the notice will describe the property to be taken and will show the total sum the department will assess as damages for the taking. At oral argument on the department's motion, Capone admitted receiving the May 22, 1996 letter by certified mail, but denied ever receiving the notice of condemnation and assessment of damages from the court. The department failed to offer proof to contradict Capone's assertion that he never received the notice or even that the notice was actually mailed, either via regular mail, registered mail, or certified mail. In light of Capone's denial that he received the notice and the department's failure to provide proof that notice was actually mailed, the court cannot conclude that proper notice was actually mailed to Capone.
In another case cited by the department, a property owner was granted a permit to build a seawall in the navigable waters off Sachem's Head Harbor in Guilford. Sachem's Head Assn. v. Lufkin, 168 Conn. 365, 366,362 A.2d 519 (1975). The plaintiff association, a municipal corporation that had zoning jurisdiction, "claimed that it was aggrieved by the issuance of the permit because it had not received the required notice of [the property owner's] permit application as provided by § 25-7d of the General Statutes." Id., 369. The court found that one of the plaintiffs in the case received the commissioner's notice and forwarded it CT Page 11845 to the association's chief executive officer and to the association, and that the executive board met to discuss the application. Id. The court thus found that the "chief executive officer and the zoning chairman of the association had actual notice of the application prior to the issuance of the permit." Id. The court went on to hold that "[u]nder the facts of this case, the failure of the commissioner to notify the association directly by mail did not render his action void. . . . The trial court correctly concluded that the association had actual notice of the application and that it was not prejudiced by the failure of the commissioner to give it direct personal notice." Id., 370. The department, however, fails to offer evidence to refute the statements made in Capone's sworn affidavit that he did not receive notice of the filing of the assessment by the department. Unlike the situation inLufkin, there is no proof that Capone was aware of the assessment. Even if the court were to construe the department's argument broadly and determine that Capone attended public meetings regarding the work being performed by the department generally on Route 80 in East Haven, the department fails to offer evidence that it notified Capone about the assessment of Capone's property in particular at one of the public meetings or at any other time. There is no proof that Capone had actual knowledge of the department's assessed damages for the taking.
The third case relied on by the department to support its argument that Capone had actual notice of condemnation and assessment of damages involves General Statutes § 8-132, which is similar to § 13a-76, but is the procedure by which a person may appeal if aggrieved by a statement of compensation filed by a redevelopment agency, rather than by this department. Karp v. Urban Redevelopment Commission, 162 Conn. 525,294 A.2d 633 (1972). The Karp court found that, "no other conclusion can be reached but that the six months provision for appeal is to be construed so that, if the appeal is not taken within six months, the right of appeal is no longer operative." Id., 531. The Karp court found, however, that it was not clearly apparent from the face of the record on what date the redevelopment agency filed the statement of compensation. Id., 528. Thus, the plaintiffs appeal may have been within the six-month period prescribed by General Statutes § 8-132. Id. The court held that the trial court should have denied the motion to erase the case from the docket. See id., 532.
The Karp case also fails to refute Capone's argument that he did not receive notice of the condemnation and assessment of damages. Karp stands for the proposition that General Statutes § 13a-76 requires a person aggrieved by an assessment made by the department to appeal to the Superior Court within six months of the date the notice of condemnation and assessment of damages is "filed" in accordance with § 13a-73. In order to be meaningful, that date must be the date the person whose land CT Page 11846 is taken, received or at least should have received, notice of the condemnation and assessment. See Trefz Corp. v. Commissioner, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 088190 (July 25, 1996, Tobin, J.) (court denied motion to dismiss on ground that notice of condemnation and assessment of damages mailed to wrong address); Newberry v. Frankel, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512453 (September 9, 1992,Aurigemma, J.) (7 C.S.C.R. 1237) (court found landowner did not receive notice in accordance with General Statutes § 13a-73, therefore notice of condemnation not "filed" within meaning of § 13a-76 and six month time period did not commence running until landowner received actual notice of taking); Ganim v. Commission of Transportation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301695 (August 19, 1993, Leheny, J.) (finding that courts have held that notice of condemnation not "filed" within meaning of General Statutes § 13a-76
until the plaintiff receives actual notice of the condemnation); Celanov. Burns, Superior Court, judicial district of New London at New London, Docket No. 515543 (January 23, 1991, Leuba, J.) (court found that assessment of damages filed by department on January 24, 1990, and plaintiff claimed he received notice of declaration of taking on February 9, 1990.)
"Statutes authorizing the exercise of eminent domain are to be strictly construed against the condemner." Laurel, Inc. v. Commissioner ofTransportation, supra, 180 Conn. 31. General Statutes § 13a-73
provides for mailing of notice of condemnation to those with an interest in the land at their last known address. In light of Capone's sworn affidavit in which he states that he only received the statutorily prescribed notice when a copy was faxed to his attorney on April 29, 1999, and the failure of the department to provide proof that contradicts that statement, the court finds that notice of condemnation and assessment of damages was not "filed" within the meaning of § 13a-76
until Capone received the copy of the notice through his attorney on April 29, 1999. The appeal was therefore timely filed, and the motion to dismiss is denied.
Jonathan E. Silbert, Judge.