THEODORE ELLISS *v.* GERALD A. RONNING
(5455)

. DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs June 1—decision released July 28, 1987

*Daniel V. Presnick* filed a brief for the appellant (plaintiff).

*Jeffrey A. Blueweiss* filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff is appealing from the judgment rendered after the trial court granted the defendant's motion for nonsuit. The plaintiff claims that the trial court erred (1) in its ruling that a judgment of nonsuit should be rendered against the plaintiff, (2) in overruling an order of another trial court, and (3) in failing to grant the plaintiff's motion to open the nonsuit. We find no error.

The plaintiff brought suit in 1984 for injuries sustained as a result of a 1982 motor vehicle accident allegedly caused by the defendant. On April 12, 1985, the defendant filed interrogatories and requests for

production. After the plaintiff failed to respond fully to these discovery requests, the defendant, pursuant to Practice Book § 231, filed a motion for nonsuit on June 19, 1985. On July 3, 1985, the plaintiff filed answers to the defendant's interrogatories, but failed to respond to the requests for production.

As of March, 1986, the plaintiff had not fully complied with the defendant's discovery motion, prompting the defendant to file another motion for nonsuit. This motion was claimed to the short calendar numerous times and it was ultimately granted by the trial court, *Fracasse, J.,* on July 1, 1986. The plaintiff's motion to open the judgment of nonsuit was later denied.

The plaintiff first claims that the trial court erred in granting the defendant's motion for nonsuit. The record reveals, however, that the court followed the appropriate Practice Book provision, Practice Book § 231. This section provides, in pertinent part, that "[i]f any party has failed to answer interrogatories or to answer them fairly . . . or has failed to respond to requests for production . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following: (a) the entry of a nonsuit or default against the party failing to comply . . . ." Our review of the record fails to reveal that the trial court abused its discretion in granting the motion.

Next, the plaintiff contends that the trial court erred by rendering a judgment of nonsuit when an earlier order of the court, *Reynolds, J.,* had required the defendant to meet with the plaintiff to discuss the incomplete interrogatories and to then file an affidavit documenting the conference. Even if we assume that Judge Fracasse's order overrode an earlier ruling of Judge Reynolds,[1] the record does not reveal why

---

[1] The defendant claims that he was never notified of any ruling by Judge Reynolds and questions whether one was made. The record reveals, how-

Judge Fracasse did so. We have repeatedly stated that it is the appellant's responsibility to provide an adequate record for review; Practice Book § 4061; *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983); and that where the factual or legal basis of the trial court's decision is unclear, the appellant should file a motion for articulation pursuant to Practice Book § 4051. *Thiel Realty Corporation* v. *Culligan Water Conditioning Co.,* 9 Conn. App. 191, 193, 517 A.2d 1052 (1986). In the absence of such action by the plaintiff, we must presume that Judge Fracasse considered all the facts before him and concluded that the entry of a nonsuit was appropriate, regardless of any earlier orders. In so doing, he was clearly acting within the scope of his discretionary powers. "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. *Wiggin* v. *Federal Stock & Grain Co.,* 77 Conn. 507, 516, 59 Atl. 607 [1905]; *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 609, 136 Atl. 111 [1927]." *Santoro* v. *Kleinberger,* 115 Conn. 631, 638, 163 A. 107 (1932).[2]

Finally, the plaintiff contends that the trial court abused its discretion by failing to open the nonsuit. "A trial court's denial of a timely motion to open a judgment [of nonsuit] will not be disturbed on appeal unless

ever, that motion for nonsuit contains the following scrawled notation: "Off-pending conference and affidavit. Reynolds 4/21/86."

[2] We do not intend to depart from the principle that "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge." (Citation omitted.) *Breen* v. *Phelps,* 186 Conn. 86, 99–100, 439 A.2d 1066 (1982). In may be possible for a judge to abuse this broad power to reconsider issues once decided, but the plaintiff has failed to show that such is the case here.

the court acted unreasonably and in clear abuse of its discretion." *DeSimone* v. *Vitello,* 6 Conn. App. 390, 392, 505 A.2d 745 (1986); see also *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985); *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 33–34, 474 A.2d 787 (1984); *Pereria* v. *Blau,* 2 Conn. App. 377, 379, 478 A.2d 1044 (1984). We find no abuse of discretion here.

There is no error.