## JAY ZALESKI *v.* JOSEPH D. ZALESKI
## (7250)

BORDEN, DALY and NORCOTT, Js.

Argued November 7, 1989—decision released April 3, 1990

*Charles G. Karanian,* for the appellant (defendant).
*Mark H. Dean,* for the appellee (plaintiff).

DALY, J. The defendant appeals from the judgment for the plaintiff on the plaintiff's complaint following

the entry of default, and from the judgment dismissing his counterclaim, for the defendant's failure to comply with the discovery provisions of Practice Book § 231. The plaintiff on appeal requests that this court impose sanctions and order the defendant to pay costs and attorney's fees for the appeal, claiming that it is frivolous. See Practice Book § 4184. We find no error on the appeal and deny the plaintiff's request for sanctions.

On December 17, 1987, the plaintiff son instituted this action against the defendant father requesting injunctive relief and damages for the misappropriation of the plaintiff's trade name, interference with his roofing business, and unfair methods of competition and deceptive trade practices in violation of General Statutes § 42-110b, which is part of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant counterclaimed that the plaintiff had breached a partnership agreement. The plaintiff's complaint[1] alleged the following: The plaintiff has a roofing business at 641 Farmington Avenue, Hartford. The defendant has a roofing business at 510 Burritt Street, New Britain. The plaintiff, pursuant to General Statutes § 35-1, filed trade name certificates in the New Britain and Hartford town clerks' offices, indicating that he was doing business as Ales Roofing Co., Ales Roofing & Caulking and A. Ales Company, all at the Hartford address. The defendant had not filed any trade name certificates but had been utilizing such names as Ales Roofing, A. Ales Co. and Ales Roofing Co. The defendant induced the Southern New England Telephone Company to substitute his business telephone number and address in the plaintiff's "Ales Roofing Co." advertisement in the 1987-88 Hartford telephone directory Yel-

[1] On February 11, 1988, the plaintiff filed an amended complaint. Any difference between the original complaint and the amended complaint is inconsequential for the purpose of stating the plaintiff's allegations.

low Pages. The defendant also placed an advertisement for "Ales Roofing" in the Yellow Pages of the 1987-88 Bristol and New Britain telephone directories that was similar to the plaintiff's. The plaintiff wanted to advertise his roofing business in the then upcoming 1988-89 Hartford telephone directory Yellow Pages without confusing the public as to which business was being contacted. The plaintiff also alleged that certain conduct committed by the defendant was in violation of CUTPA.

On December 22, 1987, the parties appeared before the trial court, *Shaughnessy, J.,* and agreed that the defendant would not file an advertisement in the 1988-89 Hartford telephone directory Yellow Pages using the name "Ales." In accordance with this agreement, the court issued a temporary injunction. The matter also was placed on the expedited trial list.

In February, 1988, the plaintiff filed interrogatories and requests for production. When the defendant did not comply within thirty days, the plaintiff filed a motion for sanctions on March 16. The defendant attempted to comply with the discovery on March 27. On March 28, however, the court, *Allen, J.,* ordered the defendant to supply a birth certificate and Internal Revenue Service tax returns for the years 1983 through 1987, answer interrogatory number eleven and answer the complaint within two weeks or default would enter. The plaintiff filed a second motion for sanctions for failure to comply with the March 28 discovery order, and for failure to respond fairly to his interrogatories and requests for production. On April 19, the court, *Hammer, J.,* determined that sanctions were warranted. Judge Hammer ordered the entry of default against the defendant on the plaintiff's complaint, and dismissed the defendant's counterclaim. He also expanded the temporary injunction, prohibiting the

defendant from placing advertisements with the name "Ales" in the then upcoming Yellow Pages of the Bristol and New Britain telephone directories.

The defendant never moved to open the default before judgment; Practice Book § 376; and the only remaining issue was damages. On July 8, after a hearing in damages, the court, *Hammer, J.,* rendered judgment for the plaintiff, issuing a permanent injunction that prevented the defendant from using the word "Ales" to symbolize, promote, or advertise any business in the state or from using "Eastern Renovating" or "A. W. Campbell" as names for his business unless he certified them as fictitious trade names before August 8, 1988, and awarding the plaintiff damages and attorney's fees.

In his appeal, the defendant claims that the trial court abused its discretion in ordering the entry of default and the dismissal of his counterclaim for failure to respond to the plaintiff's discovery requests.[2] We do not agree.

The defendant's claim is that the trial court erred in entering the default and dismissing his counterclaim. The record reveals, however, that the court followed the appropriate rule of practice, namely, Practice Book § 231. "This section provides in pertinent part that '[i]f any party has failed to answer interrogatories or to answer them fairly . . . or has failed to respond to

---

[2] The defendant also raises two other claims. First, the defendant claims that "it was error for the trial court to permit the injunction to continue." Because the defendant offers no argument or case support for this assertion, we decline to review it for failure to brief the issue. See *Alderman* v. *RPM of New Haven, Inc.,* 20 Conn App. 566, 569 n.1, 568 A.2d 1068 (1990). The defendant also requests that this case be remanded to permit evidence of the existence of a partnership agreement and consideration of his counterclaim. As to the consideration of evidence on this counterclaim, because we find that the court did not abuse its discretion in dismissing the defendant's counterclaim, we need not reach this claim.

requests for production . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following: (a) [t]he entry of a nonsuit or default against the party failing to comply . . . .' "; *Elliss* v. *Ronning,* 11 Conn App. 662, 663, 528 A.2d 1174 (1987); and "(e) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal." Practice Book § 231.[3]

The court's decision on the ordering of such sanctions of the entry of default and dismissal of the defendant's counterclaim rests within the sound discretion of the court. *Rullo* v. *General Motors Corporation,* 208 Conn. 74, 78, 543 A.2d 279 (1988); *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 107, 476 A.2d 1074 (1984). "In reviewing a claim that this discretion has been abused ' " 'the unquestioned rule is that "great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." . . .' " ' " (Citations omitted.) *Rullo* v. *General Motors Corporation,* supra, 78. " '[T]he ultimate issue is whether the court could reasonably conclude as it did. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463 (1959).' *Timm* v. *Timm,* 195 Conn. 202, 207, 487 A.2d 191 (1985)." *Rullo* v. *General Motors Corporation,* supra, 79. On the basis of our review of the record, we conclude that the trial court did not abuse its discretion in imposing these two sanctions upon the defendant.

The record reveals that these sanctions were ordered on the basis of the defendant's failure to comply fairly with the plaintiff's discovery requests and the March 28 discovery order. At the April 19 argument, Judge Hammer indicated that there were a number of serious deficiencies in the defendant's pleadings. For example,

[3] For the purposes of the counterclaim, the defendant is considered the plaintiff.

when Judge Hammer imposed these sanctions, he questioned the defendant about his response to interrogatory number eleven. This interrogatory asked whether the defendant had ever been convicted of a crime. The defendant's response was "not applicable." In her March 28 order, Judge Allen had directed the defendant to answer this interrogatory, but no further answer was given in the two weeks he had to comply. When Judge Hammer asked the defendant in court, however, the defendant stated that he had in fact been convicted of forgery. On the basis of these and other inconsistencies found by the trial court, the trial court did not abuse its discretion in ordering sanctions.

Finally, we consider the plaintiff's renewed motion for sanctions for a frivolous appeal, and his request for attorney's fees and costs in defending the appeal.

"The presentation to the court . . . of a frivolous appeal or frivolous issues and defenses on appeal . . . will subject an offender, at the discretion of the court, to appropriate discipline, including the imposition of a fine pursuant to Gen. Stat. Sec. 51-84, and costs and payment of expenses including attorney's fees to the opposing party." Practice Book § 4184. "The definition of a frivolous appeal is set forth in the comment to Rule 3.1 [of the Rules of Professional Conduct], wherein it is stated that '[t]he action is frivolous . . . if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument . . . for an extension, modification or reversal of existing law.' We hereby adopt this test, and further hold that the burden of proof lies on the moving party to establish the frivolity of the appeal." *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 463–64, 538 A.2d 1017 (1988).

On the present record, we find that the plaintiff has not met his burden of proof. As to the first prong, he has not established facts tending to show that the defendant brought this appeal for the purpose of harassing or maliciously injuring the plaintiff. See id., 464. As to the second prong, we cannot say that the defendant's pursuit of the appeal was frivolous; the defendant's argument on appeal did have some merit, even though it did not warrant reversal. See id.[4]

There is no error, and the plaintiff's motion for sanctions is denied.

In this opinion the other judges concurred.

---

[4] We note that the defendant's counsel filed a motion to withdraw with this court and that this motion was denied on December 19, 1988.