## WELDON BUSINESS GROUP *v.* DWIGHT OWEN SCHWEITZER (8145)

DuPont, C. J., Spallone and Foti, Js.

Argued January 30—decision released August 7, 1990

*Mary F. Haddon,* for the appellant (defendant).

*Thomas F. Morgan,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the judgment rendered following a hearing in damages. He claims that the trial court improperly (1) denied his motion to open the default, (2) denied his request for a continuance, and (3) denied his right to contest the amount of damages at the hearing in damages. We affirm the trial court's judgment.

The facts are not in dispute. The plaintiff commenced this action alleging breach of contract and unjust enrichment. The defendant filed an answer and special defenses, including fraud and breach of contract. On November 16, 1987, the defendant was served with a request for disclosure and production. A notice of this request was filed with the court. During the course of the trial court proceedings, the plaintiff filed several motions for default based upon the defendant's failure to comply fully with this request for disclosure and production.

On December 21, 1987, the plaintiff moved to default the defendant for his failure to comply. On February 26, 1988, the court indicated that a default would enter if the defendant did not file his compliance by March 18, 1988. On March 17, 1988, the defendant filed a notice of compliance with discovery requests, but failed to respond to the plaintiff's interrogatories. On April 28, 1988, the plaintiff filed a second motion for default. Once again the defendant responded only to the plaintiff's discovery requests. On May 11, 1988, the plaintiff filed a third motion for default. Pursuant to Practice Book § 21, this motion also requested sanctions because of the defendant's failure to respond fairly and adequately to the request for disclosure and production. On March 20, 1989, the court, *Berdon, J.,* granted the

default motion. The defendant moved to open the default, but this motion was denied by the court, *Fracasse, J.* At that time, the court scheduled a hearing in damages for May 18, 1989. The plaintiff appeared at this hearing, but the defendant did not. Counsel for the plaintiff informed the court that the defendant had requested a continuance because he had a deposition scheduled for that day. The court, *Fracasse, J.*, stated that "counsel do not reschedule matters without consent of the court . . ." and rescheduled the hearing in damages for the following day.

On May 19, 1989, the parties were ordered to appear before a trial referee, *Hon. Harold M. Mulvey,* and to proceed with the hearing in damages. After this hearing, judgment was rendered in favor of the plaintiff in the amount of $10,685.45.

The defendant first claims that the trial court abused its discretion by refusing to open the default. He asserts that he was prevented from opposing the motion for default on March 20, 1989 due to a clerical mistake in his counsel's office. He also contends that he complied with the plaintiff's request for production and discovery on May 5, 1989.

" 'The determination of whether to set aside the default is within the discretion of the trial court.' . . ." *Voluntown* v. *Rytman,* 21 Conn. App. 275, 283, 573 A.2d 336 (1990). "The action of the trial court is not to be disturbed unless it has abused its broad discretion, and in determining whether there has been such abuse every reasonable presumption should be made in favor of its correctness." *Pool* v. *Bell,* 209 Conn. 536, 541, 551 A.2d 1254 (1989). "In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." *DiPalma* v. *Wiesen,* 163 Conn. 293, 298–99, 303 A.2d 709 (1972).

Practice Book § 376 provides that a motion to set aside a default may be granted with good cause shown where judgment has not been rendered. In the present case, default was entered because the defendant failed to comply properly with the plaintiff's discovery requests. The defendant's argument that he was prevented from appearing to oppose the motion for default is of no particular consequence. There has been no showing that he was prevented from complying with the discovery request by mistake, accident, or other reasonable cause prior to the date default was entered. Equally unpersuasive is the defendant's argument that the default entered on March 20, 1989, should have been opened because proper discovery was later filed on May 5, 1989. Neither of the arguments offered by the defendant show that good cause existed for his delay in complying with the plaintiff's requests. Because the plaintiff's discovery requests were pending from November 16, 1987, and the defendant failed to show good cause why proper discovery responses were not filed prior to March 20, 1989, the date the default was entered, the trial court acted well within its discretion when it denied the defendant's motion to open the default.

The defendant next claims that the trial court abused its discretion by not granting the continuance he requested, and then rescheduling the hearing in damages for the following day. He argues that the parties informally agreed to a two week extension before going forward on the hearing in damages. The defendant does not contend that such an agreement binds the court. Rather, he argues that the court should have at least inquired whether the defendant was available to appear on the following day, whether a hardship would be caused if he did appear, or whether he would still be engaged in a deposition. The defendant overlooks the obvious, that is, that the court need not have given the

one day continuance it did grant. That being so, the court was in no way obligated to make any inquiries. The court could reasonably have considered a number of factors when deciding not to grant a two week continuance, not the least of which was that parties to an action may not continue matters without the consent of the court. Other factors most likely to have been considered here were effective caseflow management, the history of delay in the case, prejudice to the parties should further delay be allowed and the fact that parties deserve to be heard in a reasonable fashion, not one predicated on the convenience of counsel.

It also bears noting that the defendant was present at the hearing in damages and could show no prejudice from the denial of his request for a two week continuance.

The defendant's final claim is that he was prevented from submitting evidence regarding the amount of damages. He claims that during the hearing in damages he "attempted to offer a draft notice of defense as an exhibit," and that evidence was offered as to damages but was not permitted. The defendant's motion for articulation on this point was denied. No motion for review of the denial of the motion for articulation was filed before this court, and the brief presented to this court by the defendant is insufficient for us to give a proper review of this claim. It is the obligation of the defendant, as appellant, to supply this court with a record adequate to review his claim. *State* v. *Anderson,* 209 Conn. 622, 633, 533 A.2d 589 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.