[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO REOPEN JUDGMENT #122
On May 21, 1991, the plaintiff Northwest Bank For Savings (Northwest") commenced a foreclosure action against defendants H. Thomas Hinman and Cathy Hinman. Northwest alleged that the Hinmans failed to pay the January 1, 1991 installment of $1,188.07 on a $115,000.00 note. Said note CT Page 114 was secured by a mortgage on real estate owned by the Hinmans. In its amended complaint, the plaintiff also named as a defendant inter alia, The New Connecticut Bank and Trust Company N.A. ("CBT"), stating that CBT held a subsequent interest in the mortgaged property at issue by virtue of an attachment against the Hinmans in the amounts of $142,000.00, $67000.00, and $125,000.00
On November 5, 1991, the Federal Deposit Insurance Corporation ("FDIC"), moved to be substituted for CBT in this action on the grounds that, on July 13, 1991, the FDIC was appointed receiver of CBT and, by operation of law, succeeded to all of the rights, title and interests of CBT in CBT's assets, including the assets that are the subject of this action. On November 18, 1991, this court granted the FDIC's motion.
On November 29, 1991, the plaintiff filed a second amended complaint which reflected this court's November 18, 1991, order. Also on that date, the plaintiff filed pursuant to Practice Book Section 236, a demand for disclosure of defense from the FDIC. Additionally, the plaintiff moved to default the FDIC on the ground that the FDIC failed to disclose a defense to this action. On December 16, 1991, this court entered a default against the FDIC. However, no judgment upon default has been entered because the plaintiff has not filed a separate motion for such in accordance with Practice Book Section 236.
On January 10, 1992, the FDIC filed a motion to reopen the default for failure to disclose a defense and attached thereto a disclosure of defense.
A motion to open a default where judgment has not yet been rendered is made pursuant to Practice Book Section 376. That section states, in pertinent part, that, "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. . . ." Id.
In the present matter, the FDIC contends that the default should be opened because it has filed, along with its motion to reopen, a disclosure of defense, and that said defense is predicated upon 12 U.S.C. § 1825 (b)(2). That section states, in pertinent part, that "[n]o property of the [FDIC] shall be subject to. . .foreclosure. . .without the consent of the [FDIC]. . . ." Id. The FDIC relies upon this defense as a valid reason to open the default.
The plaintiff's motion for default was taken by this CT Page 115 court on the papers, without objection by the FDIC. Because the FDIC failed to appear and failed to file an objection to the motion to default it has waived its rights with regard to this matter. To open the default, the FDIC must demonstrate to this court that it was prevented from disclosing a defense in a timely manner because of mistake, accident, or other reasonable cause prior to the date default was entered. See Weldon Business Group v. Schweitzer,22 Conn. App. 552, 555 577 A.2d 1126 (1990). Because no such explanation was proffered, the motion to open default is denied.
PICKETT, J.