[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO REOPEN JUDGMENT #113
On July 18, 1991, the plaintiff Northwest Bank For Savings ("Northwest") commenced a foreclosure action against defendants Lawrence DeFeo and H. Thomas Hinman. Northwest alleged that DeFeo and Hinman failed to pay the November 1, 1990 installment of $522.15 on a $52,000.00 note. Said note was secured by a mortgage on real estate owned by DeFeo and Hinman. The plaintiff also named as a defendant, inter alia, The New Connecticut Bank and Trust Company N.A ("CBT") stating that CBT held a subsequent interest in the mortgaged property at issue by virtue of an attachment against Mr. DeFeo in the amount of $95,000.00.
On November 15 1991, the Federal Deposit Insurance Corporation ("FDIC"), moved to be substituted for CBT in this action on the grounds that, on July 13 1991, the FDIC was appointed receiver of CBT and, by operation of law, succeeded to all of the rights, title and interests of CBT in CBT's assets, including the assets that are the subject of this action. On November 18, 1991, this court granted the FDIC's motion.
On November 29 1991, the plaintiff filed a second amended complaint which reflected this court's November 18, 1991, order. Also on that date, the plaintiff filed pursuant to Practice Book Section 236, a demand for disclosure of CT Page 116 defense from the FDIC. Additionally, the plaintiff moved to default the FDIC on the ground that the FDIC failed to disclose a defense to this action. On December 16, 1991, this court entered a default against the FDIC. However, no judgment upon default has been entered because the plaintiff has not filed a separate motion for such in accordance with Practice Book Section 236
On January 10, 1992, the FDIC filed a motion to reopen the default for failure to disclose a defense and attached thereto a disclosure of defense. On January 17, 1992, the plaintiff filed an objection to the motion to reopen and attached thereto a supporting memorandum.
A motion to open a default where judgment has not yet been rendered is made pursuant to Practice Book Section 376. That section states in pertinent part, that, "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. . . ." Id.
In the present matter, the FDIC contends that the default should be opened because it has filed, along with its motion to reopen, a disclosure of defense, and that said defense is predicated upon 12 U.S.C. § 1825 (b)(2). That section states, in pertinent part, that "[n]o property of the [FDIC] shall be subject to. . .foreclosure. . .without the consent of the [FDIC]. . . ." Id. The FDIC relies upon this defense as a valid reason to open the default.
The plaintiff's motion for default was taken by this court on the papers, without objection by the FDIC. Because the FDIC failed to appear and failed to file an objection to the motion to default, it has waived its rights with regard to this matter. To open the default, the FDIC must demonstrate to this court that it was prevented from disclosing a defense in a timely manner because of mistake, accident, or other reasonable cause prior to the date default was entered. See Weldon Business Group v. Schweitzer,22 Conn. App. 552, 555, 577 A.2d 1126 (1990). Because no such explanation was proffered, the motion to open default is denied.
PICKETT, J.