[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO PRECLUDE
This negligence action was commenced by the plaintiff in March of 1991. On October 22, 1991, the plaintiff filed a Request for Interrogatories and Production to which the defendants failed to, respond in any way. On July 29, 1993, over one and one-half years later, the plaintiff moved for default against the defendants for failure to comply with the discovery requests, and the court (McKeever, J.) granted the motion, entering a default against the defendants on September 1, 1993. Counsel for the defendants claims he never received notice, at the time, that the default had been granted.
A pre-trial conference was held on September 15, 1993. Counsel for the plaintiff was present but counsel for the defendants failed to attend. The case was then listed for exposure for trial on April 4, 1994, with another pre-trial conference to occur on February 1, 1994. At the pre-trial conference on February 1, 1994, counsel for both sides attended, and it became clear that the case would be exposed for trial, as scheduled, ten weeks hence. It also became clear that the defendants had not responded to any of the plaintiff's disclosure requests and that a default remained in effect against the defendants. The plaintiff served additional discovery requests on February 3, 1994. On February 11, 1994, the defendants moved for an extension of time of an additional thirty days to respond to the plaintiff's new request, an extension to which the plaintiff objects and on which no action has yet been taken by the court.
On February 16, 1994, the plaintiff filed a Motion to CT Page 2456 Preclude, requesting the court to order that the defendants not be allowed to offer at trial any information sought in the earlier discovery request.[1] The defendants still produced no responses to any of the outstanding discovery, but rather filed an Objection to Plaintiff's Motion to Preclude on February 22, asserting that they have complied (although at oral argument on February 28, no signed answers to interrogatories had been delivered to plaintiff's counsel and two witness statements had just been handed to plaintiff's counsel shortly before oral argument), and that the scope of the preclusion requested was too broad.
At the time of oral argument on the Motion to Preclude, no motion to open or set aside the default had been filed by the defendants and they remained in substantial noncompliance with the discovery requests of plaintiff, discovery which had now been outstanding for about two and a half years. Furthermore the case remains exposed for trial beginning April 4, 1994.
The plaintiff argues that she cannot adequately prepare for trial with the trial date fast approaching, her information about the defendants' case all but incomplete due to their noncompliance with the rules, and that she must know now, not on the eve of trial by a ruling of whatever judge is then assigned, what evidence she must produce in order to avoid an ambush by the defendants. The defendants argue that they are prepared to comply with the discovery requests although they have not yet filed any responses to the plaintiff's interrogatories, that the plaintiff still has a month in which to depose any witnesses the statements of whom the defendants have now disclosed, that the plaintiff has known of the existence of these witnesses all along since the names of the witnesses are listed in the police report, and that there is no prejudice to the plaintiff in accomplishing months worth of discovery, trial preparation, and strategy development within a few weeks time. As of the time of oral argument, the defendants had still not moved to set aside the default.
The rules regarding discovery and the sanctions for noncompliance were designed to allow all parties to have a fair opportunity to prepare for trial in an orderly fashion in addition to ensuring that no one would be subjected to last minute "surprise." They are designed to make a trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 106 (1984), citing United States v. Proctor Gamble, 356 U.S. 677, 682 (1958). As the CT Page 2457 case now stands, the entry of the default against the defendants at the least shifts the burden of proof to the defendant to disprove liability, DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398,400-02 (1982), and may indeed amount to a confession of liability so that defendants are limited at trial merely to contesting damages. Kloter v. Carabetta Enterprises, Inc., 186 Conn. 460, 464
(1982).
Since this is a default entered against the defendants pursuant to Conn. P. B. Sec. 231 for their active failure to comply with the discovery rules, the Motion to Preclude is essentially the plaintiff's plea to define the scope of the sanction and prevent the defendants from profiting from their dilatory tactics by creating a situation where the plaintiff must now scramble at the last minute to prepare for trial. It is within the sound discretion of the court to craft appropriate sanctions for those who fail to adhere to the rules regarding discovery. See, Zaleski v. Zaleski, 21 Conn. App. 185 (1990) and Weldon Business Group v. Schweitzer, 22 Conn. App. 552 (1990).
The plaintiff's Motion to Preclude is granted. The defendants are hereby precluded from offering at trial any expert witnesses, any witnesses from whom they had previously obtained statements, and from offering any documents the existence of which would have been disclosed pursuant to the discovery sought by the plaintiff in her October 1991 requests.
PATTY JENKINS PITTMAN, JUDGE