[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants filed a notice of deposition of the plaintiff and a request for production dated June 23, 1994. On July 6, 1994, the defendants filed their first request for production which included a request for "[a]ll calendars and/or diaries and/or memoranda kept and/or maintained by you at any time from 1987 to the present." The plaintiff's answer to this part of the request was "[s]ee documents produced." At her deposition, the plaintiff attested that after 1990, she began writing matters on CT Page 8701 yellow legal pads, most of which she tore up, but believed she still had four legal pads, although the plaintiff represented that they too may have been thrown away. The plaintiff also claimed that the legal pads were not filled. The defendants' attorney wrote to one of the plaintiffs' attorneys confirming that the plaintiff would produce copies of the four legal pads, and copies of six pages of a "manuscript" to the plaintiff's book. At a subsequent deposition of the plaintiff, her attorney stated that another of the plaintiff's attorneys would be going to her house to search for the requested material. At yet another session of the plaintiff's deposition, the plaintiff stated that she could find only one legal pad consisting of one and one-half pages of writing, plus one page consisting of a list of words. In a later session of her deposition, the plaintiff read these pages into the record.
Thereafter, the defendants filed a motion to compel, which the court (Thim, J.) granted, giving the plaintiff thirty days to produce documents. Five months later, the defendants filed a second motion to compel. In response, the plaintiff filed another notice of compliance. When the defendants' second motion to compel appeared on the court's calendar, it was granted on the papers and the case dismissed. The plaintiff has filed a motion to open the dismissal which the court also treats as a motion for reconsideration.
Practice Book § 231 "`provides in pertinent part that `[i]f any party has failed to answer interrogatories or to answer them fairly . . . or has failed to respond to requests for production . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following: (a) [t]he entry of a nonsuit or default against the party failing to comply . . . .'"; Elliss v. Ronning, 11 Conn. App. 662, 663,528 A.2d 1174 (1987); and `(e) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal.'" Zaleski v.Zaleski, 21 Conn. App. 185, 188-89, 572 A.2d 76 (1990). "The court's decision on the ordering of such sanctions of the entry of default and dismissal of the defendant's counterclaim rests within the sound discretion of the court. Rullo v. General MotorsCorporation, 208 Conn. 74, 78, 543 A.2d 279 (1988); Sturdivant v.Yale-New Haven Hospital, 2 Conn. App. 103, 107, 476 A.2d 1074
(1984)." Id., 189.
The judgment of dismissal was rendered by the court without knowledge that the plaintiff had filed a notice of compliance. A CT Page 8702 review of the submitted portions of the plaintiff's deposition reveals that the plaintiff seemed uncertain of the quantity of notes she had made, and how many of the notes made of the yellow legal pads remained in her possession. The defendants also had sought production of the plaintiff's "manuscript" of her life. However, it is unclear from the deposition testimony whether the plaintiff's writings on the legal pads and the "manuscript" are one and the same.
The plaintiff as now submitted an affidavit that the pages of handwritten notes already produced and read into the record are all of the writings which she could find after a search of all of her belongings. The plaintiff's attorney has attested that all documents turned over to her by the plaintiff have been delivered to the defendants. While the court can make no finding as to the genuineness of the plaintiff's writings, the court does find that the defendants have not proven by a fair preponderance of the evidence that the plaintiff has not complied with this part of the request for production.
The motion to open the judgment of dismissal is granted.[1]
BY THE COURT
Bruce L. Levin,Judge of the Superior Court