[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The above cases were remanded to the trial court to determine on the basis of factors other than the conduct of AIG Aviation, whether good cause exists to set aside the defaults against Coric.
Section 376 of the Practice Book provides, in pertinent part, that:
 A motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown.
 Good cause is defined as a substantial reason amounting in law to a legal excuse for failing to perform an act required by law and legally sufficient ground or reason.
Roberto v. Honeywell. Inc., 33 Conn. App. 619, 626 (1994);Schoolhouse Corp. v. Wood, 43 Conn. App. 586, 591 (1996).
In Munch v. Willametz, 156 Conn. 6 (1968), the Supreme Court CT Page 1045 held that it was proper to deny the motion to open a default where defendants failed to show that they were not "prevented from appearing by mistake, accident, inadvertence, misfortune or other reasonable cause. Supra, p. 10.
Reviewing the actions of Attorney Wilson, in light of the foregoing principles, it is clear that he has failed to show "good cause" for his failure to plead.
He stated his reasons in an affidavit claiming that Robert Freeman was dead, that his estate was insolvent and he was thus prevented from formulating defenses. However, the New York State police report dated March 23, 1993, was available for three dollars according to the brief of counsel for the Estate of Ethel Karp. Also, Wilson did receive the National Transportation Safety Board Report late in 1994, within a year of the return date March 29, 1994, and before a judgment of default entered. The NTSB's preliminary report of the accident was available in June, 1993, prior to the date this action was commenced. Wilson does not aver, and the record does not reveal, that he attempted to get these reports, although the reports were available to him and would have enabled him to formulate responses to the claims eventually asserted by the plaintiffs. The defendant, Karp, filed its answer on June 21, 1994.
Wilson also claimed that the cases were complex which made it difficult to formulate defenses. In fact, the claim against his client was a single, one-count complaint, alleging that the plaintiffs were passengers in an aircraft flown by him and that as a result of his negligence, the plane crashed and they were killed.
Wilson's assertion that he needed to retain aviation experts to assist him in conducting an investigation and in order to properly formulate defenses is refuted not only by the availability of the reports in 1993 and late 1994, but also by the nature of the plaintiffs' complaints. The plaintiffs filed one-count negligence complaints to which the defendant could either admit, deny or plead no knowledge of the allegations therein. This is precisely what the defendants did in Higgins v.Karp, which answer was filed and available for Wilson's review.
The defendant has offered no convincing explanation for his failure to file a responsive pleading or a motion for an extension of time explaining his difficulties in defending the CT Page 1046 action. The court will not speculate on other reasons which may have resulted in the defendant's failure to act. "There has been no showing that . . . [the defendant] was prevented from complying with the discovery request by mistake, accident or other reasonable cause prior to the date default was entered."Weldon Business Group v. Schweitzer, 22 Conn. App. 552, 555,577 A.2d 1126 (1990).
This court is firmly convinced that none of the above reasons constitute good cause for failure to plead.
The court, therefore, finds that good cause does not exist to set aside the defaults against Coric.
D. Michael Hurley Judge Trial Referee
Notice sent: 2/11/97 Lynch, Traub, Keefe Errante Robinson Cole Brown, Jacobson, Tillinghast, Lahan King Paul A. Lange Horton, Shields Cormier Carolyn K. Querijero, A.A.G. Howard, Kohn, Sprague Fitzgerald Cowdery Ecker, L.L.C. Clerk, New London J.D. (CV94-0529975S/CV94-0530472S) SC 15435 (CV94-0529975S) SC 15441