[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SANCTIONS
The defendant Alexander R. Showe has moved for the entry of an order dismissing the above captioned action as a sanction for plaintiff's alleged repeated failures to make himself available for a deposition.
The defendant alleges, and the plaintiff does not dispute, that the deposition was scheduled no less than fifteen (15) times during the period beginning May 27, 1997 and culminating on October 26, 1998, the event which precipitated the present motion. It is also undisputed that the plaintiff suffers from a variety of medical conditions which have forced cancellation of some of the scheduled depositions. On other occasions, the deposition was canceled for unspecified scheduling reasons, and on several occasions the deposition was clearly rescheduled at the request of plaintiff's counsel.
A concerted effort to take the plaintiff's deposition was mounted in September and October of 1998. After three cancellations, the deposition actually commenced on October 26, 1998. Although Attorney John R. Williams has appeared CT Page 121 individually on behalf of the behalf of the plaintiff in this matter, it was an associate from Williams' office, William S. Palmieri, who appeared with him at the deposition.
Pursuant to a subpoena duces tecum, the plaintiff was to have brought with him to this deposition numerous documents which were to have been authenticated. Indeed, he did appear with a box load full of documents, but it became apparent that neither he nor Palmieri had reviewed them. It also soon became clear that in the absence of such preparation, the deposition would be a meaningless exercise. In any event, not very far into the deposition, Celentano announced that he was going to leave, which he did.
The present motion for sanctions is based on alleged pattern of failure to participate in good faith in the discovery process, with this final aborted deposition being the proverbial last straw. This court agrees that sanctions are appropriate. Although there was a good faith basis for several of the earlier cancellations of the plaintiff's deposition, it is apparent that he and his counsel have not participated in discovery in good faith and that the October 26, 1999 deposition was the culmination of that pattern.
Practice Book Section 13-14 provides, in pertinent part:
 If any party has failed . . . to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise to comply with any other discovery order . . ., the judicial authority may, on motion, make such order as the ends of justice require.
Pursuant to Practice Book Section 13-14(b), these sanctions may include entry of a nonsuit or default, award of attorneys' fees for filing the motion, entry of an order prohibiting the non-complying party from introducing designated matters in evidence, or, if the party failing to comply is the plaintiff, entry of a judgment of dismissal.
In Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138 (1984), the court upheld dismissal of a medical malpractice case where the plaintiff refused to answer deposition questions going to the reliability and integrity of hospital records which the plaintiff had taken from the hospital.
CT Page 122
 Factors to be considered in determining an appropriate sanction are (1) the cause of to deponent's failure to respond to the posed questions, that is whether it is due to inability rather than the willfulness, bad faith or fault of the deponent; *** (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct.
Id. At 144.
In Pavlinko, the plaintiff's refusal to answer was under a claim of right, the privilege against self-incrimination. The court upheld the dismissal, notwithstanding plaintiff's claim that he should have been afforded an opportunity to change his position after an order of compliance before the sanction of dismissal was imposed. The court observed: "In such situations, dismissal serves not only to penalize those whose conduct warrants such a sanction but also to deter those who might be tempted to such conduct in the absence of such deterrent.National Hockey League v. Metropolitan Hockey Club, Inc.,427 U.S. 639 (1976)." Id. At 145. Accord Mulrooney v. Wambolt,215 Conn. 211, (1990) ["The sanctions provided in our rules of practice are there for several reasons, including deterrence of those who intentionally flout them."]
In Skyler Ltd. Partnership v. S.P. Douthett and Co., Inc.,18 Conn. App. 245, (1989), the court granted a default based on defendant's failure to appear for the fourth time for a duly noticed deposition, despite the defendant's claim that he was confused regarding his legal representation. The court found that the defendant had known of the scheduled deposition and simply decided not to appear.
The determination of whether to impose sanctions and, if so, what sanction, is a matter within the sound discretion of the trial court. Rullo v. General Motors Corp. , 208 Conn. 74, 74 (1998). Sanctions may well be appropriate when a party to the litigation has failed to comply with discovery. Osborne v. Osborne,2 Conn. App. 635 (1984): "Careful attention must be paid to the prompt and orderly handling of discovery. Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to the CT Page 123 circumstances." Id, 637. See also Biro v. Hill, 237 Conn. 462
(1994) affirming the (granting of a non-suit based on plaintiff's failure to comply with three previously entered deadlines for compliance); Elliss v. Ronning, 11 Conn. App. 662 (1987) (affirming entry of non-suit based on plaintiff's failure to complete interrogatories.
Celentano's refusal to testify at his deposition was willful. He was well aware that his deposition had been noticed and postponed for a number of times. He was informed of the need to authenticate documents he was providing. Without mentioning any particular difficulties or stating any reason for not responding to the deposition questions being posed, the plaintiff simply walked out, frustrating defendant Showe's right to proper discovery. The plaintiff's refusal to participate in good faith was utterly without justification.[1]
Under all the circumstances of this case, the sanction sought by the defendant, dismissal of the action, would be too harsh, although the court would certainly be willing to revisit this issue if the pattern of attempting to thwart legitimate discovery persists. Nevertheless, a lesser sanctions is appropriate at the present time, and the court therefore orders the plaintiff to reimburse the defendant Showe's reasonable fees and costs in connection both with the aborted October 26, 1998 deposition and with the preparation and prosecution of the present motion. If the parties are not able to agree on a figure that represents the reasonable value of those fees and costs, the defendant is invited to file an additional motion, documenting his claims, and the court will order payment of a specific amount.
Jonathan E. Silbert, Judge